## PERMUTIT CO. v. MASSASOIT MFG. CO.
### No. 4659.

Circuit Court of Appeals, Third Circuit.
Aug. 2, 1932.

Rehearing Denied Dec 2, 1932.

Aaron Finger, of Wilmington, Del., for appellant.

Clarence A. Southerland and David J. Reinhardt, Jr., both of Wilmington, Del. (Ward & Gray, of Wilmington, Del., and James M. Swift, of Boston, Mass., of counsel), for appellee.

Before BUFFINGTON and THOMPSON, Circuit Judges, and THOMSON, District Judge.

THOMPSON, Circuit Judge.

This is an appeal from a judgment of the District Court of Delaware entered on a verdict for $32,784.79 in favor of the Massasoit Manufacturing Company, hereinafter referred to as the vendee, and against the Permutit Company, hereinafter referred to as the vendor. The vendee is engaged in manufacturing cotton yarns, commonly called cotton linters. The vendor manufactures and sells apparatus for the filtration, purification, and softening of water. The parties entered into a written contract for the purchase and installation of a water filtering plant. It appeared that, following the use of the Permutit filtration system, thousands of pounds of cotton manufactured by the vendee were off color. The vendee brought suit for damages for an alleged breach of an express warranty contained in the written contract. Shortly thereafter the vendor brought suit to recover the part of the purchase price of the filtration plant still unpaid, as well as additional sums expended by it in making changes in the filtration plant after it had been installed. These suits were consolidated on trial by agreement. The jury returned a verdict in favor of the vendee.

The main question involved in this case is: Where the guaranty in a contract expressly provides what liability the guarantor assumes thereunder, is the remedy thus provided for binding on the parties and exclusive? A second and possibly subordinate question is: Where the evidence shows that the vendor had no knowledge of the vendee's manufacturing processes, may the vendee recover, as special damages, losses sustained by it in the use of the machinery it purchased under a warranty not including fitness for the manufacturing in question?

The contract provided as follows:

"We guarantee that the Permutit Filtering Plant herein offered, when connected up and operated in accordance with our instructions and under the conditions set forth in this proposal, will be capable of filtering its specified amount of water at the specified rate of flow.

"We further guarantee that the water thus filtered will be clear, bright and practically free from turbidity and suspended matter.

"We agree to make good at our expense, within a period of one year after date of delivery, any defects due to faulty design, workmanship or material, in such a manner as we may deem necessary to the satisfactory operation of the plant.

"We guarantee that the Permutit Water Clarifying plant herein offered, when operated in accordance with our instructions and under the conditions set forth in this proposal, will deliver a water that will not have a color in excess of 2 measured in accordance with the Standards as set forth by the American Public Health Association.

"That the filtered water will contain no iron.

' "It is the intent of this proposal that the Permutit Company will furnish to the Massasoit Manufacturing Company a complete water purification plant erected on the grounds of the Massasoit Manufacturing Company at Oakdale, Conn.

"The Permutit Company supplies all equipment foundations and building including construction of pipe line from flume, near present intake, to clarification plant and to make connections into existing service lines in present mill.

"It is the intent of this contract for the Permutit Company to furnish to the Massasoit Manufacturing Company a completed filtration plant in operation.

"For the fulfillment of the guarantee herein, a weeks test will be made at the time set by the Permutit Company."

The vendor objected, at the trial, to the admission of evidence of special damages sustained by the vendee, on the ground that the written contract defined and limited the vendor's liability for any breach by it so as to exclude such special damages. No mention is made in the guaranty that the filtration plant was designed with any knowledge of the requirements of the manufacturing processes of the vendee, and no such information was conveyed to the vendor. To the extent that the warranty may be said to have been a warranty of fitness to deliver water of a certain color, such warranty would exclude any implied warranty of fitness; for example, that the water so purified was to be fit for the purpose of processing and purifying raw cotton. There is nothing in the express warranty to the effect that the water to be delivered by the plant would be fit for such a purpose. The trial court instructed the jury that the clause in the guaranty specifying the vendor's obligations in the event of nonperformance of the contract did not limit or define its liability under the contract and did not provide a remedy in case of breach and was not exclusive of other warranties express or implied. We think the court erred in allowing the jury to consider warranties that were not expressed in the contract. In fact, it is conceded by counsel for the vendee that no warranty could be implied. Their contention is that their cause of action may be founded on the express warranty.

It follows from what has already been said that the trial court erred in admitting evidence of special damages, consisting of damages to the manufactured cotton and of increase in production, manufacturing, and overhead costs and expenses. The author-ities overwhelmingly establish the doctrine that, where the parties have set out in the written contract the warranties agreed upon and have provided for a remedy in case of a breach of warranty, the remedy thus provided is exclusive. Sloan v. Wolf Co., 124 F. 196 (C. C. A. 8), Hickman v. Sawyer, 216 F. 281 (C. C. A. 4), and Morris & Co. v. Power Mfg. Co., 17 F.(2d) 689 (C. C. A. 6), are but a few of the many cases so holding.

We are of the opinion that the trial judge was in error in allowing special damages to be proved and recovered by the vendee.

Judgment reversed, with directions for a new trial in the consolidated suits.